UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREN BOLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1387** |
| **WAL-MART STORES, INC. and WAL-MART LOUISIANA, LLC** | **SECTION "N" (2)** |

## ORDER & REASONS

Two motions are before the Court: a motion to transfer and consolidate (Rec. Doc. 3), filed by defendants Wal-Mart Stores, Inc. and Wal-Mart, LLC, and a motion to remand (Rec. Doc. 7), filed by plaintiff Darren Boles. For the reasons stated herein, the Court **REMANDS** the captioned matter to the Civil District Court for the Parish of Orleans, Louisiana.

### I. BACKGROUND

Alleging injury from a slip and fall in a Wal-Mart store, plaintiff Darren Boles ("Plaintiff") brought suit (hereinafter "the personal injury case") against the defendants, Wal-Mart Stores, Inc. and Wal-Mart, LLC (collectively "Defendants" or "Wal-Mart"), in the 23rd Judicial District Court for the Parish of Ascension. Wal-Mart removed the personal injury case to United States District Court for the Middle District of Louisiana on the basis of diversity jurisdiction and later filed for summary judgment. *See Darren Boles v. Wal-Mart, Inc. and Wal-Mart Louisiana, L.L.C.*, Civ. A. No. 15-373 (M.D.La.). The Middle District granted summary judgment on June 17, 2016 and entered a final judgment with prejudice on June 21, 2016. *See id.* at Rec. Doc. 30 & 31.

While the summary judgment motion was pending, Wal-Mart emailed Plaintiff a settlement offer of $30,000. (*See* Rec. Doc. 1-1 at p. 11.) Plaintiff accepted the offer, but only after the Middle District had granted the motion. (*See id.* at p. 12.) Given the timing of the acceptance,

the parties dispute its effectiveness, which has led to further litigation, namely the instant action to enforce the settlement (hereinafter "the contract case") filed by Plaintiff in the Civil District Court for the Parish of Orleans, Louisiana, and removed by Wal-Mart to this Court – the Eastern District of Louisiana.

Wal-Mart now seeks an order from this Court transferring the contract case to the Middle District, so that it may be consolidated with the personal injury case there. Plaintiff, on the other hand, moves the Court to remand the matter for want of subject matter jurisdiction. In response to a motion to retain jurisdiction pending transfer, filed by Wal-Mart in the personal injury case, the Middle District recently held that: (1) its original, diversity jurisdiction has terminated; (2) it does not have supplemental jurisdiction over the contract case; and (3) even if it did, it would decline to exercise supplemental jurisdiction. *See Darren Boles v. Wal-Mart, Inc. and Wal-Mart Louisiana, L.L.C.*, Civ. A. No. 15-373, Rec. Doc. 44 (M.D.La. Sept. 2, 2016). Finding the issue of remand to be dispositive, the Court turns its attention to Plaintiff's motion.

II. **LAW AND ANALYSIS**

"Federal courts are courts of limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001).  As such, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*.  Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper.  *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to whether jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, at 339 (5th Cir. 2000). Ultimately, remand is mandatory when the federal court is without subject matter jurisdiction. *See* 28 U.S.C. § 1447(c)

("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added).

Here, Wal-Mart urges the Court to transfer the case to the Middle District, where it contends that the exercise of supplemental jurisdiction by that court would be appropriate based on its "continuing" diversity jurisdiction in the personal injury case. Notwithstanding the Middle District's ruling that its diversity jurisdiction terminated with the conclusion of that case, Wal-Mart must meet its burden of establishing the subject matter jurisdiction of this Court before the undersigned may consider transferring the action elsewhere. Perhaps recognizing the futility in such an endeavor, Wal-Mart does not attempt to persuade this Court that it has jurisdiction; instead, Wal-Mart focuses on demonstrating that subject matter jurisdiction lays in the Middle District. Accordingly, because this Court finds that it lacks subject matter jurisdiction, it must remand the case.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Transfer and Consolidate (Rec. Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 7) is **GRANTED** and that the case shall be **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, this <u>16th</u> day of <u>September</u> 2016.

                                             **KURT D. ENGELHARDT**
                                             **United States District Judge**